Filed 9/20/24  P. v. Sanchez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>BENJARMEN MATTHEW SANCHEZ,<br><br>　　Defendant and Appellant. | H051266<br>(Santa Clara County<br>Super. Ct. No. C1898274) |

In 2018, Benjarmen Matthew Sanchez entered a plea of no contest to one charge of robbery (Pen. Code, § 212.5, subd. (c).)[1]  He also admitted to various prior convictions, including one prior strike conviction (§§ 667, subd. (b) – (i), 1170.12) and one prior conviction that resulted in a prison term (§ 667.5, subd. (b).)  The trial court sentenced Sanchez to a total term of four years in prison.

In 2023, following the passage of Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), Sanchez requested that he be resentenced pursuant to newly-created section 1172.75 because his section 667.5, subdivision (b) (prison prior) enhancement was now legally invalid.  The trial court denied the request on the basis that Sanchez was not eligible for relief under section 1172.75 because the original sentencing court had stricken the additional punishment associated with the prison prior enhancement.

---

[1] Undesignated statutory references are to the Penal Code.

On appeal, Sanchez argues that the trial court erred in denying his request because only the punishment was stricken, not the prison prior enhancement itself, thus making him still eligible for resentencing under section 1172.75.

For the reasons explained below, we find that, because the prison prior was not stricken altogether by the original sentencing court, Sanchez is entitled to relief under section 1172.75.  We reverse the trial court's order and remand for recall of Sanchez's sentence and for resentencing.

## I.   PROCEDURAL BACKGROUND[2]

### A.   *Charges, Plea, and Original Sentence*

On August 22, 2018, the Santa Clara County District Attorney's Office filed a felony complaint charging Sanchez with second degree robbery (§ 212.5, subd. (c).)  The complaint also alleged that Sanchez had previously been convicted of activity for a criminal street gang (§ 186.22), which constituted a prior strike offense pursuant to section 667, subdivisions (b) through (i), and section 1170.12, and a violent of serious felony pursuant to section 667.5, subdivision (c).  It was also alleged that Sanchez had served a prison term for this prior offense pursuant to section 667.5, subdivision (b).

On December 28, 2018, Sanchez entered a plea of no contest to the robbery charge and admitted all of the allegations regarding his prior convictions.[3]  In exchange for his plea, Sanchez agreed to serve a total of four years in state prison.

On January 28, 2019, the trial court sentenced Sanchez to the agreed-upon lower term of four years in state prison for second degree robbery (count 1).  The trial court also

---

[2] Because the facts of the underlying matter are not relevant to the legal issues raised on appeal, we do not recount them here.

[3] On the same date, Sanchez also pled no contest to two misdemeanor charges in a separate case (Santa Clara County Case No. C1899873).

ordered that the additional punishment on Sanchez's prison prior enhancement be stricken pursuant to "PC 1385."[4]

### B. Senate Bill 483 Proceedings

On June 9, 2023, while Sanchez was still in custody, Sanchez's counsel filed a petition with the trial court asking that his sentence be recalled, and he be resentenced following the passage of Senate Bill 483.[5] In the petition, counsel argued that even though punishment on the prison prior had been stricken, Sanchez was still eligible for resentencing because the prison prior enhancement itself had not been stricken in its entirety. Counsel contended that unless the enhancement itself was stricken, it would remain on Sanchez's abstract of judgment and criminal record, which could affect him in any potential future sentencing. Counsel further claimed that the legislative history of Senate Bill 483, which focused on addressing the "racially discriminatory impact of longer sentences," demonstrated a clear intent to resentence anyone serving a term for a judgment that included a now invalid prison prior, regardless of whether punishment on the prison prior had been stricken or not.

---

[4] This presumably was a reference to section 1385, subdivision (b)(1), which provides as follows: "If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a)."

[5] Effective January 1, 2020, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.), which amended section 667.5, subdivision (b) to limit prior prison term enhancements to sexually violent offenses only. (Stats. 2019, ch. 590, § 1.) The Legislature subsequently passed Senate Bill 483, which made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered as section 1172.75. (Stats. 2022, ch. 58, § 12.) Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).) Once the trial court has confirmed that a defendant's current judgment includes a prior prison term enhancement that is now legally invalid, the trial court "shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

In opposition, the People argued that the express language of section 1172.75 indicated that it only applied to defendants whose sentences on a prison prior had been imposed and actually executed, as opposed to imposed and stayed or stricken under section 1385. In support, the People focused on section 1172.75, subdivision (d)(1), which provides that in resentencing, the court is to impose a sentence less than the one imposed as a result of the prison prior enhancement. The People therefore contended that no relief could be afforded to a defendant who did not or would not serve additional time for a prison prior enhancement.

On August 2, 2023, the trial court held a hearing on Sanchez's petition. During the hearing, Sanchez's counsel confirmed that Sanchez had been identified on a recall list prepared by the California Department of Corrections and Rehabilitation (CDCR) as eligible for resentencing under section 1172.75.

At the conclusion of the hearing, the trial court denied Sanchez's petition for resentencing. In a written decision and order, the trial court held that section 1172.75 only applied to sentences where a prison prior enhancement had been imposed and executed. The trial court agreed with the People that eliminating the enhancement in cases like Sanchez's, where punishment had been stricken, would not reduce the sentence, thus rendering section 1172.75, subdivision (d)(1) "inapplicable or superfluous." The trial court ultimately concluded that "[o]ne does not 'serve a term' for an enhancement that has had the punishment stricken or stayed."

Sanchez timely appealed.

## II. DISCUSSION

Sanchez claims that the trial court erred in finding that he was ineligible for relief under section 1172.75. He contends that by unequivocally stating that any prison prior enhancement (except for those specified in the statute) are legally invalid, section 1172.75 expressly contemplates that a prison prior enhancement be struck in its entirety, even if the punishment was stayed or stricken. The Attorney General disagrees, arguing

4

that section 1172.75 only applies to "individuals serving time, or who *will* serve time, for a prison prior enhancement that was imposed and executed."

### A. *Legal Principles and Standard of Review*[6]

Prior to January 2020, subdivision (b) of section 667.5 permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, however, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.), which amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses only. (Stats. 2019, ch. 590, § 1.) The Legislature subsequently passed Senate Bill 483, which made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered as section 1172.75. (Stats. 2022, ch. 58, § 12.) Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 also provides that the Secretary of the CDCR shall identify individuals in its custody currently serving a term for judgment involving such enhancements, and to provide each individual's information, including his or her name, date of birth, and relevant case or docket number, to the sentencing court that imposed

---

[6] Although the People did not contest the court's jurisdiction to consider Sanchez's petition, the Attorney General initially raised this issue on appeal by: (1) noting that the record does not contain the CDCR recall list; and (2) indicating that he has "no independent basis to corroborate or otherwise dispute [this] assertion." We therefore requested supplemental briefing from the parties to determine if the trial court had fundamental jurisdiction to address Sanchez's resentencing petition. In response, Sanchez provided a list prepared by the CDCR dated June 16, 2022, which identified him as eligible for resentencing under section 1172.75. Upon receipt of this list, the Attorney General agrees the trial court had fundamental jurisdiction to consider Sanchez's petition. Accordingly, we find that the court had jurisdiction to resentence Gonzalez despite him improperly petitioning the court for relief. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 330–333 [finding that the court still had jurisdiction to resentence a defendant who improperly filed his own petition under section 1172.75 once the CDCR subsequently identified the defendant as eligible].)

5

the enhancement.  (§ 1172.75, subd. (b).)  Once the trial court has received such information and confirmed that the current judgment includes a prior prison term enhancement that is now legally invalid, the trial court "shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)

Further, the trial court is directed to follow specific instructions while resentencing.  (§ 1172.75, subd. (d).)  For example, section 1172.75, subdivision (d)(1) provides that "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  In addition, when resentencing, the court "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)

Both parties agree that this matter is one of statutory interpretation, which turns on the question of whether prison prior enhancements for which the punishment (but not the enhancements themselves) were stricken under section 1385, subdivision (b)(1), are considered "imposed" within the meaning of section 1172.75.  We review issues of statutory interpretation *de novo*.  (See *People v. Jimenez* (2020) 9 Cal.5th 53, 61.)  In so doing, "[w]e look first to ' "the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context." '  [Citation.]  We must construe statutory language in context, bearing in mind the statutory purpose, and giving effect to the intended purpose of an initiative's provisions.  [Citations.]"  (*Ibid.*)

### B. *The Trial Court Erred in Ruling that Sanchez Was Not Eligible for Relief Under Section 1172.75*

Under section 1172.75, Sanchez is entitled to resentencing if his "current judgment includes a sentencing enhancement" (§ 1172.75, subd. (c)) "that was imposed

6

prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5" (*Id.*, subd. (a)). As part of his plea agreement, Sanchez admitted one prison prior enhancement under former section 667.5(b), which appeared on both the minute order and the abstract of judgment from Sanchez's sentencing in 2019. Accordingly, it is undisputed that the sentencing court did not strike the enhancement in its entirety.

With that said, imposition of the prison prior did not result in Sanchez receiving a longer sentence because the sentencing court struck the associated punishment pursuant to section 1385, subdivision (b)(1). Moreover, section 1172.75 does not explicitly indicate whether its remedy of a full resentencing applies to a prison prior enhancement that did not increase the aggregate sentence, either because the enhancement was imposed and stayed, or because it was imposed but the additional punishment was stricken.

There is currently a split in authority amongst the Courts of Appeal on the meaning of the word "imposed" under section 1172.75. A different panel of this court previously concluded that based on the language of section 1172.75 and in light of the California Supreme Court's decision in *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125, a prison prior enhancement that is imposed and then stayed is "imposed" within the meaning of section 1172.75. (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281– 1283 (*Renteria*).) Other appellate courts have subsequently adopted the same approach. (See *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275–1279, review granted March 12, 2024, S283547 (*Saldana*); *People v. Christianson* (2023) 97 Cal.App.5th 300, 315 review granted February 21, 2024, S283189 (*Christianson*), [finding there is "no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancement[] and those for whom the enhancement was imposed but stayed"].) In supplemental briefing, Sanchez noted that the Fifth District Appellate Court had recently adopted the same approach. (See *People v. Mayberry* (2024) 102 Cal.App.5th 665, 672–676, review granted August 14, 2024, S285853 (*Mayberry*).)

7

However, one appellate court reached the opposite conclusion and instead found that based on the statutory language and legislative history of section 1172.75, interpreting the statute "to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 49, review granted February 21, 2024, S283169 (*Rhodius*).) The issue is currently pending before the California Supreme Court.

Most recently, in *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), a different panel of this court considered the same question as the one we encounter here, regarding a defendant's eligibility for resentencing under section 1172.75 when the original sentence included a prison prior enhancement, but the associated punishment was struck. The *Espino* majority agreed with the holdings in *Renteria, Saldana, Christianson,* and *Mayberry* that the sentence on an enhancement need not be executed in order to be considered "imposed" for purposes of section 1172.75. (*Espino, supra,* 104 Cal.App.5th at pp. 196–198.) In taking this position, the *Espino* majority held that the plain language of the statute, which refers to "[*a]ny* sentence enhancement that was imposed" (§ 1172.75, subd. (a), italics added), indicated that the Legislature intended to use the word 'imposed' "in a broad sense" and not as shorthand for "imposed and executed." (*Espino, supra,* 104 Cal.App.5th at pp. 197–198.) The majority also indicated that even when imposition of the sentence was imposed and not executed, " 'the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential.' " (*Id.* at p. 197, quoting *Christianson, supra,* 97 Cal.App.5th at p. 312, rev.gr.) Accordingly, the *Espino* majority concluded "that section 1172.75 should be interpreted according to the ordinary meaning of the word 'impose' to cover all prison priors for crimes other than sexually violent offenses included by the sentencing court in an individual's judgment, *without regard* to whether punishment for those priors was executed." (*Espino, supra*, 104 Cal.App.5th at p. 198 italics added.)

The *Espino* majority further indicated that it did not see a reason to carve out an exception to the meaning of the word "impose" simply because the punishment was stricken, as opposed to stayed. (*Espino, supra*, 104 Cal.App.5th at pp. 198-199.) The majority found that it could not be concluded from the legislative history that the Legislature intended to "deny any benefit to individuals serving sentences in which prison priors were imposed but punishment was struck. Nor can it be assumed that Senate Bill 483 had a single, exclusive purpose." (*Id.* at p. 199.) Moreover, the majority determined that the rule of lenity[7], which indicates that when the language of a statute is ambiguous, courts must prefer the interpretation that is most beneficial to a defendant, demanded that the ordinary meaning of the term "impose" be followed, as opposed to a meaning that did not benefit the defendant. (*Id.* at p. 201)

Given the substantial similarities between *Espino* and this matter, we find the majority's analysis therein particularly instructive in determining whether the term "imposed," as used in section 1172.75, only applies to sentences where an enhancement was executed (consistent with *Rhodius*), or if the term is meant to include any sentence including a prison prior enhancement, regardless of whether it was executed (as per the holdings in *Renteria, Christianson, Saldana,* and *Mayberry*.)

In reviewing the language of section 1172.75 as a whole, we agree with the *Espino* majority that it is "unlikely that the Legislature silently intended to render only those prison priors that were imposed and executed legally invalid." (*Espino, supra*, 104 Cal.App.5th at p. 198.) The express language of section 1172.75 states that it applies to *any* sentence enhancements "that was imposed prior to January 1, 2020" for a crime other than a sexually violent offense. (§ 1172.75, subd. (a), italics added.) In addition, the Legislature provided specific instructions to differentiate inmates based on how prison

---

[7] This rule " ' "generally requires that 'ambiguity in a criminal statute should be resolved in the favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation.' " ' " (*People v. Reynoza* (2024) 15 Cal.5th 982, 1013.)

priors affected their sentences. While section 1172.75 requires the Department of Corrections and Rehabilitation to identify, and courts to resentence, all individuals in the department's custody currently serving a "judgment that includes an enhancement described in subdivision (a)" (§ 1172.75, subds. (b)), the section also requires the department and the courts to identify and resentence individuals "who have served their base term … and are currently serving a sentence based on the enhancement" first, (§ 1172.75, subds. (b)(1), (c)(1)), before identifying and resentencing "all other individuals" (§ 1172.75, subds. (b)(2), (c)(2)). Given the detail and specificity in which the Legislature differentiated between inmates based on their sentences, it follows that, "if the Legislature had intended to exclude individuals with judgments including prison priors that were imposed but not executed, it likely would have done so expressly and unequivocally, not silently and ambiguously." (*Espino, supra*, 104 Cal.App.5th at p. 198, citing *Christianson*, *supra*, 97 Cal.App.5th at p. 313, rev.gr.)

The Attorney General, however, claims that the holding in *Rhodius* should apply because it was more "fully reasoned" and relied on the legislative history behind Senate Bill 483. Specifically, the *Rhodius* court noted that the legislative intent behind Senate Bill 483 was "intended to provide relief to inmates who had been convicted and sentenced prior to the enactment of [SB] 136 and are 'serving time based on rulings that California has already deemed unfair and ineffective.'" (*Rhodius*, *supra*, 97 Cal.App.5th at p. 47, rev.gr.) These concerns "presuppose a defendant is serving time specifically based on the imposition of additional incarceration as a result of a section 667.5[, subdivision] (b) prior." (*Ibid.*) However, an inmate "whose sentence was imposed and stayed is not actually serving any time based on a repealed statute." (*Ibid.*) In addition, because the Legislature also indicated concerns with the costs associated with additional years of imprisonment, the *Rhodius* court found that such costs would be irrelevant to sentences where additional terms of imprisonment were stayed. (*Id.* at p. 48.) The Attorney General argues because *Renteria* and other cases did not engage in the

10

same level of analysis as *Rhodius* or fully address the legislative goals identified therein, such as savings funds or reducing sentences, this court should adopt the approach in *Rhodius* and find that section 1172.75 only applies to prison prior enhancements that were executed, not stayed or stricken.

Contrary to the Attorney General's assertion, the decisions that chose not to follow the holding in *Rhodius* specifically cited the legislative history behind Senate Bill 483 in supporting their reasoning. For example, in *Christianson,* the court noted that Senate Bill 483 was originally drafted only to require the trial court to "administratively amend the abstract of judgment to remove any [now] invalid sentence enhancements," (Sen. Bill No. 483 (2021–2022 Reg. Sess.) as amended Mar. 3, 2021), but the bill was subsequently amended to require a full resentencing and to prescribe specific conditions for that resentencing. (*Christianson, supra,* 97 Cal.App.5th at p. 314, rev.gr.) The court held that this modification, particularly the lack of a "carveout for stayed enhancements" indicated that "the Legislature intended for section 1172.75 to apply equally" regardless of whether the imposed enhancement was executed or stayed. (*Id.* at p. 316.) Similarly, in *Mayberry,* the court indicated that it agreed with the legislative history and intent behind Senate Bill 483 as summarized in *Rhodius,* but disagreed with its conclusion on two grounds. (*Mayberry, supra,* 102 Cal.App.5th at pp. 673–676, rev.gr.) First, the *Mayberry* court found – similar to the courts in *Christianson, Renteria,* and *Saldana* — that because "imposed-but-stayed" enhancements still carried the possibility of execution, striking the enhancements as invalid would eliminate their potential impact from the originally imposed sentence as contemplated under section 1172.75. (*Mayberry, supra,* 102 Cal.App.5th at pp. 674–675, rev.gr.) Second, the *Mayberry* court reasoned that the Legislature would have expressly limited section 1172.75 relief to imposed and executed sentences if that had been its intent, based on the presumption that the Legislature was aware of existing laws regarding staying sentence enhancements when it passed Senate Bill 483. (*Mayberry, supra,* 103 Cal.App.5th at pp. 675–676, rev.gr.) Consequentially,

11

we are not persuaded that the *Rhodius* decision was more "fully reasoned" such that we should follow its holding instead of the approach taken by the majority of the Courts of Appeal, including our own. We therefore join *Espino, Renteria,* and similar holdings in concluding that unless the sentencing court struck the enhancement altogether, it remained "imposed" for purposes of relief under section 1172.75, even if the actual punishment for the enhancement was stayed or stricken.

Moreover, while we do not find the term "imposed" to be ambiguous for the reasons explained above, we agree with the *Espino* majority, as well as Sanchez's argument in his supplemental briefing, that the rule of lenity would dictate any ambiguity in the statute be interpreted in a manner most beneficial to Sanchez. Accordingly, under the rule of lenity, the term "imposed" should be interpreted to apply to all prison prior enhancements other than sexually violent offenses, whether executed, stayed, or stricken.

Turning to the instant matter, in entering his change of plea, Sanchez admitted one prison prior enhancement, which remained part of the judgment when he was sentenced in 2019 and was not stricken by the sentencing court. We therefore find that the trial court erred in denying Sanchez's petition, and he is entitled to have his section 667.5, subdivision (b) enhancement stricken and be resentenced fully pursuant to section 1172.75, subdivisions (c) and (d).

### III.    DISPOSITION

The order denying Sanchez's request for resentencing is reversed. The matter is remanded to the trial court, which is directed to recall Sanchez's sentence and resentence him consistent with Penal Code section 1172.75 and current law.

12

_____
Wilson, J.

I CONCUR:




_____
Grover, Acting P. J.









*People v. Sanchez*
H051266

Lie, J., Dissenting:

For the reasons I stated in *People v. Espino* (2024) 104 Cal.App.5th 188, 202–206 (dis. opn. of Lie, J.), I respectfully dissent.

_____
LIE, J.

*People v. Sanchez*
H051266